| | |
|---|---|
| WEISBERG LAW | SCHAFKOPF LAW, LLC |
| Matthew B. Weisberg, Attorney ID No.: 85570 | Gary Schafkopf, Attorney ID No. 83362 |
| 7 South Morton Ave. | 11 Bala Ave |
| Morton, PA 19070 | Bala Cynwyd, PA 19004 |
| 610-690-0801 | 610-664-5200 Ext 104 |
| Fax: 610-690-0880 | Fax: 888-283-1334 |
| **Attorney for Plaintiff** | **Attorney for Plaintiff** |

### IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ERICA PARKER** <br> 7225 Shearwater Place <br> Philadelphia, PA 19153 <br><br> Plaintiff <br> v. <br> **SCHOOL DISTRICT OF PHILADELPHIA** <br> 440 N. Broad Street <br> Philadelphia, PA 19130 <br><br> and <br><br> **STAFFING PLUS HOLDINGS, INC** <br> 551 W. Lancaster Ave <br> Haverford, PA 19041 <br><br> and <br><br> **INTERCOMMUNITY, ACTION INC.** <br> 6122 Ridge Ave <br> Philadelphia, PA 19128 <br><br> and <br><br> **JOHN DOES 1-10** <br><br> Defendants. | No. <br><br><br> **JURY TRIAL DEMANDED** |

### CIVIL ACTION COMPLAINT

### PARTIES

1. Plaintiff, Erica Parker, is an adult individual residing at the above captioned address.

2. Defendant, School District of Philadelphia, is a governmental unit of the Commonwealth of Pennsylvania duly organized under the law of the Commonwealth of Pennsylvania doing business at the above captioned address.

3. Defendant, Staffing Plus Holdings Inc., is a staffing corporation providing healthcare staffing to various Federal and State agencies duly organized under the law of the Commonwealth of Pennsylvania doing business at the above captioned address.

4. Defendant, Intercommunity Action Inc., is a non-profit corporation providing staffing education services duly organized under the law of the Commonwealth of Pennsylvania doing business at the above captioned address.

5. Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred there from. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below, upon information and belief, Defendants, John Does, were agents, servants, workmen, or employees of Co-Defendants, liable to Plaintiffs hereunder.

## JURISDICTION AND VENUE

6. Venue is proper in the in The United States District Court for The Eastern District of Pennsylvania because this is where the transactions and occurrences that give rise to the cause of action have taken place.

7. This is a civil action under 42 U.S.C § 1983 seeking damages against Defendants for committing acts, under color of law, with the intent and for the purpose of depriving Plaintiff of rights secured under the Constitution and laws of the United States; retaliating

against Plaintiff for his exercise of constitutionally protected speech; and for refusing or neglecting to prevent such deprivations and denials to Plaintiff.

8. Jurisdiction in this Honorable Court is based on a violation of federal law conferred by 28 U.S.C §1331; supplemental jurisdiction over state law claims is granted by 28 U.S.C §1367.

## FACTS

9. Plaintiff has been employed by Staffing Plus Agency intermittently since 2002 as an Independent Contractor. Plaintiff has had an impeccable record of employment with Staffing Plus Agency.

10. Plaintiff was placed by Staffing Plus Agency with Intercommunity Action Inc. (Interact) in 2015, and then assigned to work as a Lead Clinician with the School District of Philadelphia.

11. Plaintiff was specifically assigned to the Edward. T Steel Elementary School, at 4301 Wayne Ave, Philadelphia, PA 19140.

12. Interact maintains a physical office at most of the schools where Interact has staff, including the school where Plaintiff was assigned.

13. On October 6, 2015 Plaintiff was summoned to a classroom to remove a student who had been acting out in class.

14. In an effort to calm down the student, Plaintiff began to talk to him and asked why he was lashing out and not listening to teachers and staff at the school.

15. The student proceeded to tell Plaintiff that on October 5, 2015, he had reported to his school guidance counselor that he and his neighbor had been watching pornography and the two then engaged in various sexual acts.

16. The student proceeded to tell Plaintiff that his brother was gay and that he brother had expressed a desire for him to be gay as well. When Plaintiff asked the student if his brother had ever touched him inappropriately the student became angry and stated he did not want to talk about the situation.

17. Plaintiff confronted the student's counselor, the counselor stated she told the student's mother about the incident but did not seem concerned about the incident.

18. On October 6, 2015, Plaintiff reported an incident to both to her Interact Supervisor, Sharon Stark, and to Child Line, which is a phone center run by the Pennsylvania Department of Human Services that allows the public and professionals to report incidents of child abuse.

19. On October 7, 2015, Plaintiff was told by her Supervisor to report the incident to the school principal, Jamal B. Dennis. The Principal simply said 'ok,' and dismissed Plaintiff.

20. Neither the Principal nor the Guidance Counselor spoke with Plaintiff after she reported the incident.

21. The following week Plaintiff sought medical attention to help her cope with the trauma of counseling the child. Plaintiff was instructed by her doctor to rest from work for a few days.

22. Interact contacted Staffing plus over the weekend of October 15-16, 2015, to instruct Plaintiff to not return to the School.

23. On October 16, 2015 Staffing Plus instructed Plaintiff she should not report to work.

24. Plaintiff was not told that her services were being terminated, and she believed that she was to merely be reassigned.

25. Plaintiff would call into her work line during this time period to have Plaintiff's calls forwarded to the recruiters' voicemail.

26. In January 2016 Staffing Plus informed Plaintiff that her recruiter was no longer employed by Staffing Plus. Plaintiff has since learned that this was false, and that her recruiter, Allison Johnston, was employed by Staffing Plus for the entire time.

27. In January, Staffing Plus informed Plaintiff that her services terminated by Interact because she made the phone call to Child Line.

28. Prior to being terminated, Plaintiff had never received a workplace complaint nor a negative employee evaluation from Defendants since beginning her employment.

## COUNT I - WRONGFUL TERMINATION

29. The foregoing paragraphs are fully incorporated herein as though set forth at length.

30. Defendant breached their contract with Plaintiff by the following acts and omissions:

    a. Terminated the employment of Plaintiff without just cause;

    b. Terminated the employment based on false facts and missing relevant information;

    c. Failed to adequately investigate the facts and circumstances prior to terminating the employment of Plaintiff;

    d. Failed to allow Plaintiff to adequately address the false facts and allegations, which were the alleged basis for the termination of Plaintiff's employment;

    e. Terminated the employment of Plaintiff.

31. Plaintiff's direct superiors, engaged in tactics that presented him as the party at fault when others identified as such were protected and thus, caused him to be terminated without justification.

32. Plaintiff has further suffered and will continue to suffer a loss of earnings, and other employment benefits, whereby Plaintiff is entitled to general compensatory damages.

## COUNT II – VIOLATION OF FEDERAL AND STATE WHISTLEBLOWER PROTECTION

33. The foregoing paragraphs are fully incorporated herein as though set forth at length.

34. Plaintiff was terminated from her position of employment for informing her supervisor of potential child abuse of a student.

35. Plaintiff has further suffered and will continue to suffer a loss of earnings, and other employment benefits, whereby Plaintiff is entitled to general compensatory damages.

## COUNT III – RETALIATION FOR WHISTLEBLOWING

36. Plaintiff was retaliated against due to the information she had uncovered about the child abuse of a student at the school she was assigned to.

37. Defendants, through the actions of direct superiors terminated the Plaintiff for fear of the Plaintiff reporting violations.

38. Plaintiff was wrongfully terminated for reporting the violations.

39. Plaintiff has further suffered and will continue to suffer a loss of earnings, and other employment benefits, whereby Plaintiff is entitled to general compensatory damages.

## COUNT IV- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

40. The foregoing paragraphs are fully incorporated herein as though set forth at length.

41. The actions of the Defendants were designed to emotionally harm Plaintiff by overwhelming them in a relationship both emotionally and physically that they were incapable of handling as a result of their tender years.

42. The conduct of Defendants was intentional, oppressive, malicious and/or in wanton disregard of the rights and feelings of Plaintiff and constitutes despicable conduct, and by reason thereof Plaintiffs demands exemplary or punitive damages against Defendants in an amount appropriate to punish him and to deter him and others from such conduct in the future.

**WHEREFORE**, Plaintiffs respectfully request this Honorable Court to enter a judgment in their favor and against Defendant in an amount in excess of $75,000.00, plus statutory and punitive damages, along with whatever relief that this Court deems appropriate and proper, including equitable relief, and attorney's fees and costs.

Respectfully Submitted,

| | |
|---|---|
| WEISBERG LAW | SCHHAFKOPF LAW, LLC |
| BY: /s/Matthew Weisberg | BY: *(signature)* |
| MATTHEW B. WEISBERG, ESQ | GARY SCHAFKOPF, ESQ. |
| DATED: 4-4-17 | DATED: 4-4-17 |