## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERICA PARKER<br>7225 Shearwater Place<br>Philadelphia, PA 19153<br><br>        Plaintiff,<br><br>        v.<br><br>SCHOOL DISTRICT OF PHILADELPHIA<br>440 N. Broad Street<br>Philadelphia, PA 19130<br><br>   And<br><br>STAFFING PLUS HOLDINGS, INC.<br>551 W. Lancaster Ave<br>Haverford, PA 19041<br><br>   And<br><br>INTERCOMMUNITY, ACTION INC.<br>6122 Ridge Ave<br>Philadelphia, PA 19128<br><br>   And<br><br>JOHN DOES 1-10<br><br>        Defendants. | No. 17-1744<br><br><br><br>**JURY TRIAL DEMANDED** |

## FIRST AMENDED
## CIVIL ACTION COMPLAINT

**I.    PARTIES**

1.    Plaintiff, Erica Parker, is an adult individual residing at the above captioned address.

2.     Defendant, School District of Philadelphia, is a governmental unit of the Commonwealth of Pennsylvania duly organized under the laws of the Commonwealth of Pennsylvania doing business at the above captioned address.

3.     Defendant, Staffing Plus Holdings Inc., is a staffing corporation providing healthcare staffing to various Federal and State agencies duly organized under the law of the Commonwealth of Pennsylvania doing business at the above captioned address.

4.     Defendant, Intercommunity Action Inc., is a non-profit corporation providing staffing education services duly organized under the law of the Commonwealth of Pennsylvania doing business at the above captioned address.

5.     Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred there from. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below, upon information and belief, Defendants, John Does, were agents, servants, workmen, or employees of Co-Defendants, liable to Plaintiffs hereunder.

    **II.    JURISDICTION & VENUE**

6.     Venue is proper in this District because the transactions and occurrences that give rise to the cause of action took place in this District.

7.     Jurisdiction in this Honorable Court is based on a violation of federal law conferred by 28 U.S.C §1331; supplemental jurisdiction over state law claims is granted by 28 U.S.C §1367.

8.     This is a civil action arising under 42 U.S.C § 1983 seeking damages against Defendants for committing acts, under color of state law, with the intent and for the purpose of depriving Plaintiff of rights secured under the Constitution and laws of the United States; retaliating against

Plaintiff for his exercise of constitutionally protected speech; and for refusing or neglecting to prevent such deprivations and denials to Plaintiff.

### III.   OPERATIVE FACTS

9.      Plaintiff, Erica Parker, was employed by Defendant, Staffing Plus Holdings Inc. intermittently since 2002 as an independent contractor.  Plaintiff has had an impeccable record of employment with Staffing Plus Holdings Inc.

10.     Plaintiff was placed by Staffing Plus Holdings Inc. with Defendant, Intercommunity Action Inc. in 2015, and then assigned to work as a Lead Clinician with Defendant, School District of Philadelphia.

11.      Plaintiff was specifically assigned to the Edward. T Steel Elementary School, which is located at 4301 Wayne Ave, Philadelphia, PA 19140.

12.     Intercommunity Action Inc. maintains a physical office at most of the schools where Intercommunity Action Inc. has staff, including at the Edward. T Steel Elementary School, where Plaintiff was assigned.

13.     On October 6, 2015 Plaintiff was summoned to a classroom to remove a student who had been acting out in class.

14.     In an effort to calm down the student, Plaintiff began to talk to him and asked why he was lashing out and not listening to teachers and staff at the school.

15.     The student proceeded to tell Plaintiff that on the prior day, he had reported to his school guidance counselor that he and his neighbor had been watching pornography and the two then engaged in various sexual acts.

16.     The student proceeded to tell Plaintiff that his brother was gay and that he brother had expressed a desire for him to be gay as well. When Plaintiff asked the student if his brother had

ever touched him inappropriately the student became angry and stated he did not want to talk about the situation.

17. When Plaintiff confronted the student's counselor later that day, the counselor stated she told the student's mother about the incident but did not seem concerned about the incident.

18. Later that day, on October 6, 2015, Plaintiff reported the incident to both her Intercommunity Action Inc. Supervisor, Sharon Stark, and to Child Line, which is a phone center run by the Pennsylvania Department of Human Services that allows the public and professionals to report incidents of child abuse.

19. On October 7, 2015, Plaintiff was told by her Supervisor, Stark, to report the incident to the Edward. T Steel Elementary School principal, Jamal B. Dennis. The Principal simply said 'ok,' and dismissed Plaintiff.

20. Neither the Principal nor the Guidance Counselor spoke with Plaintiff after she reported the incident.

21. On October 16, 2015 Staffing Plus Holdings Inc. instructed Plaintiff she should not report to work. Although Staffing Plus Holdings Inc. told Plaintiff that her services were no longer needed at Edward. T Steel Elementary School, Plaintiff believed that she was merely being reassigned to a different School District of Philadelphia school.

22. Over the next six to eight weeks, leading up to the holidays, Plaintiff called Staffing Plus Holdings Inc. numerous time for a reassignment, leaving voicemails for her recruiter, Allison Johnston.

23. At one point, Staffing Plus Holdings Inc. falsely told Plaintiff that Allison Johnston was no longer employed by Staffing Plus Holdings Inc.

24. However, by January 2016, Staffing Plus Holdings Inc. stopped avoiding the truth and told Plaintiff that Staffing Plus Holdings Inc. was instructed by Intercommunity Action Inc. that School District of Philadelphia would no longer retain Plaintiff's services because she made the phone call to Child Line.

25. Prior to being terminated, Plaintiff had never received a workplace complaint nor a negative employee evaluation from any Defendants.

26. Upon information and belief, School District of Philadelphia terminated Plaintiff's employment through Intercommunity Action Inc. and Staffing Plus Holdings Inc. because of Plaintiff's report of child abuse to Child Line in accordance with her First Amendment Rights and the requirements of state law on reporting child abuse.

### IV.    COUNTS OF ACTION

### COUNT I
### First Amendment Retaliation
*Pursuant to 42 U.S.C § 1983*

27. Plaintiff incorporates the foregoing paragraphs as though set forth at length herein.

28. Plaintiff reported the child abuse as a concerned individual who learned of alleged and/or potential sexual abuse of a minor.

29. Defendants terminated Plaintiff's services and/or employment.

30. Plaintiff's report to Child Line was the only, substantial, and/or motivating factor for Defendants' termination of Plaintiff's services and/or employment.

31. Plaintiff has further suffered and will continue to suffer a loss of earnings, and other employment benefits, whereby Plaintiff is entitled to general compensatory damages.

### COUNT II
### Wrongful Termination

32. Plaintiff incorporates the foregoing paragraphs as though set forth at length herein.

33. Plaintiff reported the child abuse as a concerned individual who learned of alleged and/or potential sexual abuse of a minor.

34. Defendants terminated Plaintiff's services and/or employment. Defendants breached their employment contract with Plaintiff and fired Plaintiff because she reasonably reported child abuse to a child abuse hotline.

35. Plaintiff's report to Child Line was the only, substantial, and/or motivating factor for Defendants' termination of Plaintiff's services and/or employment.

36. Defendants' actions violate the public policies of the Commonwealth of Pennsylvania.

37. Plaintiff has further suffered and will continue to suffer a loss of earnings, and other employment benefits, whereby Plaintiff is entitled to general compensatory damages.

### V.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to enter a judgment in her favor and against Defendants, individually, jointly, and/or severally, in an amount in excess of seventy-five thousand dollars ($75,000) including compensatory damages, plus statutory and punitive damages, along with whatever relief that this Honorable Court deems appropriate and proper.

Respectfully Submitted,

| **WEISBERG LAW** | **SCHHAFKOPF LAW, LLC** |
|---|---|
| */s/ Matthew B. Weisberg* | */s/ Gary Schafkopf* |
| Matthew B. Weisberg, Esquire | Gary Schafkopf, Equire |
| L. Anthony DiJiacomo, Esquire | 11 Bala Ave |
| 7 South Morton Ave. | Bala Cynwyd, PA 19004 |
| Morton, PA 19070 | 610-664-5200 Ext 104 |
| 610-690-0801 | Fax: 888-283-1334 |
| Fax: 610-690-0880 | *Attorneys for Plaintiff* |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ERICA PARKER : | |
| 7225 Shearwater Place : | |
| Philadelphia, PA 19153 : | |
| : | |
| Plaintiff, : | |
| : | No. 17-1744 |
| v. : | |
| : | |
| SCHOOL DISTRICT OF PHILADELPHIA : | |
| Et al. : | |
| 440 N. Broad Street : | |
| Philadelphia, PA 19130 : | |
| : | |
| Defendants. : | |

**CERTIFICATE OF SERVICE**

I, Matthew B. Weisberg, Esquire, hereby certify that on this 26th day of June, 2017, a true and correct copy of the foregoing Plaintiffs' First Amended Civil Action Complaint was served via ECF upon the following parties:

Colin S. Haviland, Esq.
Philadelphia School District
Office of the General Counsel
440 N. Broad Street, Suite 313
Philadelphia, PA 19130

Marvin Weinberg, Esq.
Franz Espanol, Esq.
Fox Rothschild, LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103-3291

Jacqueline K. Gallagher, Esq.
Malcolm James Ingram, Esq.
Obermayer Rebmann Maxwell & Hippel, LLP
Centre Square West
1500 Market St., Suite 3400
Philadelphia, PA 19102

**WEISBERG LAW**

*/s/ Matthew B. Weisberg*
Matthew B. Weisberg, Esquire
*Attorney for Plaintiff*