**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Erica Parker** | : | **Civil Action** |
| **v.** | : | |
| **School District of Phila., et al.** | : | **No. 17-1744** |

**ORDER**

**AND NOW**, this _________day of _________________, 2018, upon consideration of The School District of Philadelphia's Motion to Dismiss Plaintiff's **SECOND AMENDED COMPLAINT** and any response, it is **ORDERED** that School District of Philadelphia's motion is **GRANTED**, and the School District of Philadelphia is dismissed from this matter with prejudice.

BY THE COURT:

______________________________
J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Erica Parker** | : | **Civil Action** |
| **v.** | : | |
| **School District of Phila., et al.** | : | **No. 17-1744** |

**DEFENDANT THE SCHOOL DISTRICT OF PHILADELPHIA'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant, The School District of Philadelphia, by and through undersigned counsel, hereby moves for this Court to dismiss Plaintiff's Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissing the School District of Philadelphia with prejudice because further amendment is futile.

**WHEREFORE**, Defendant, The School District of Philadelphia, requests this Court to enter an Order dismissing it from Plaintiff's Amended Complaint with prejudice and deny leave to amend it further.

Dated: June 26, 2018

[signature follows]

Respectfully submitted,

*/s/Colin S. Haviland*
Colin S. Haviland
Assistant General Counsel
Office of General Counsel
The School District of Philadelphia
440 N. Broad Street, Suite 313
Philadelphia, Pennsylvania 19130
T: 215.400.5637
F: 215.400.4121
chaviland@philasd.org

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Erica Parker** | : | **Civil Action** |
| **v.** | : | |
| **School District of Phila., et al.** | : | **No. 17-1744** |

**BRIEF IN SUPPORT OF DEFENDANT THE SCHOOL DISTRICT OF PHILADELPHIA'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

## I. Introduction.

The School District of Philadelphia (the District) moved for the dismissal of plaintiff's complaint and amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiff failed to allege sufficient facts against the District to state a claim under section 1983 and the District is not amenable to suit for wrongful termination. Parker's Second Amended Complaint also falls short of stating a claim against the District; its allegations are nothing more than bald legal conclusions without the facts necessary to support them.

## II. Facts.

The District accepts Plaintiff's facts as alleged only for the purposes of this motion. Plaintiff, Erica Parker ("Parker") has worked as an independent contractor for Staffing Plus Agency, ("Staffing Plus") intermittently since 2002. Second Amended Complaint, Doc. 33, ¶ 13. She is a resident of Philadelphia, Pennsylvania. *Id.* ¶ 1. Staffing Plus assigned Parker to Intercommunity Action Inc. (Interact) in 2015. *Id.* ¶ 15. Interact then assigned Parker to work with the District as a Lead

Clinician. *Id.* Parker acted as a Lead Clinician at the Edward T. Steel Elementary School. *Id.* Interact has a satellite office in Steel Elementary. *Id.* ¶ 16.

On October 6, 2016, Parker removed a student from a classroom because he had been acting out. *Id.* ¶ 19. Parker asked the student "why he was lashing out and not listening to teachers and staff at the school." *Id.* ¶ 20. The student then told Parker that a day earlier, on October 5, 2015, he told his guidance counselor that he had engaged in sexual acts with his neighbor. *Id.* ¶ 21. The student also told Parker that his brother was gay. The student told Parker that he did not want to talk about his situation at home after she asked him whether his brother had had any inappropriate contact with him. *Id.* ¶ 22.

Parker reported her interaction to the student's guidance counselor. *Id.* ¶ 23. The student's guidance counselor told Parker that she had reported that information to the student's mother. *Id.* Parker also relayed the student's story to her supervisor at Interact, Sharron Stark, and to ChildLine, the Pennsylvania Department of Human Services child abuse hotline. *Id.* ¶ 24. Stark also told Parker to report the abuse to the principal of Steel Elementary, Jamal B. Dennis. *Id.* ¶ 26. Parker told Dennis the student's story on October 7, 2015. *Id.* ¶ 27.

On October 16, 2015, Staffing Plus told plaintiff not to report to work. *Id* ¶ 31. Parker believed that Interact reassigned her. *Id.* Parker continued to call work in attempt to find a new placement through her recruiter. *Id.* ¶ 32. But, in January 2016, Staffing Plus mislead Parker by telling her that her recruiter no longer worked for them. *Id.* ¶ 34. Her, recruiter, Allison Johnston, continued to work for

Staffing Plus. *Id.* Ultimately, Staffing Plus told Parker that Interact had informed them that the District no longer wanted to work with her because she called ChildLine. *Id.* ¶ 34.

Parker alleges the District colluded with her employers to terminate her because she called Childline to report a suspected case of child abuse "her statutorily-required duty. . . ." *Id.* ¶ 24. She further alleges, for the first time, that the decision to terminate her was a conspiracy among the defendants. *Id.* ¶ 30. Finally, she alleges, that the District had a "custom policy and/or practice" of removing employees or contractors that report child abuse "and/or" employees or contractors that report other employees or contractors for reporting colleagues who failed to report child abuse. *Id.* ¶ 38.

## III. Argument.

Parker does not allege facts, under any reading of the second amended complaint, sufficient to state a claim for relief against the District. Parker claims that the District violated section 1983, but has not averred any facts necessary to hold the District liable under *Monell* and the First Amendment does not protect Parker's speech, as it within the ordinary scope of her duties and was not speech on a matter of public concern. The Court should dismiss Parker's claims against them with prejudice and deny any further leave to amend as futile. *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1434 (3d Cir. 1997).

**A. Legal Standard.**

The Federal Rules of Civil Procedure provide that a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion to dismiss tests the sufficiency of the allegations contained in the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). "[Labels] and conclusions" are not enough, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 555. When deciding a motion to dismiss under F.R.C.P. 12(b)(6) a court may consider public records such as administrative agency records and decisions. *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)

**B. Parker's Proposed Amendments Are Futile.**

Parker's Second Amended Complaint now alleges that the District orchestrated her termination. Doc. 30 Ex. 1, ¶ 38. Assumed for the purposes of this motion, the First Amendment affords government contractors the same protections as government employees. *O'Hare Truck Service, Inc. v. City of Northlake*, 518 U.S. 712, 721 (1996); *Board of County Com'rs, Wabaunsee County, Kan. v. Umbehr*, 518 U.S. 668, 674, 679-670 (1996). Parker, as a government contractor, must satisfy

three standards to state a claim of First Amendment retaliation. *DeRitis v. McGarrigle*, 861 F.3d 444, 452 (3d Cir. 2017). Parker's speech is protected if (1) she spoke as a citizen and not an employee (2) her speech involved a matter of public concern, and (3) the School District lacked an adequate justification for treating her differently from the general public based on the balancing factors of *Pickering v. Board of Education*, 391 U.S. 563 (1968). *Id.* The Court need not balance the interests of the School District against those of Parker because she was speaking as an employee and her speech did not involve a matter of public concern. *Id.*

**1. The First Amendment does not protect an employee's statements made within the ordinary scope of her duties.**

The First Amendment does not protect a public employee's speech, or in this case a contractor's speech, made pursuant to his or her official duties. *DeRitis v. McGarrigle*, 861 F.3d 444, 453 (3d Cir. 2017)(citing *Garcetti v. Ceballos*, 547 U.S. 410. 421 (2006)). Employees speak pursuant to their official duties when "the speech at issue is itself ordinarily within the scope of an employee's duties." *DeRitis*, 861 F.3d at 453 (citing *Land v. Franks*, 134 S. Ct. 2369, 2379 (2014)). Parker's call to Childline and her report to Dennis were pursuant to her official duties because those reports are ordinarily with the scope of her duties. The First Amendment does not protect Parker's reports to Childline or Dennis.

Parker works at a school. Ex. 1, ¶ 15. She has close contact with children. Ex. 1, ¶¶ 19-22. Parker is a mandated reporter because she works in a school and has close contact with children. 23 Pa.C.S. §§ 6311(a)(1),(4),(8); Ex. 1. ¶¶ 23, 24. The Child Protective Services Law requires (CPS) mandated reporter to report

suspected child abuse. *Id.* The CPS requires her to both report suspected abuse to Childline and inform Dennis. 23 Pa.C.S. § 6311(b)(c). Her speech fell squarely within the scope of her duties; the Court should dismiss her claims of First Amendment retaliation with prejudice.

**2. The First Amendment does not protect Parker's report because it was not a matter of public concern.**

Parker's call to Childline and her report to Dennis are not matters of public concern. "The content of speech on a matter of public concern generally addresses a social or political concern of the community." *Gorum v. Sessoms*, 561 F.3d 179, 187 (3d Cir. 2009)(quoting *Borden v. Sch. Dist. of the Twp. of East Brunswick*, 523 F.3d 153, 169–70 (3d Cir.2008). The First Amendment does not protect a public employee's speech on matters of private concern. *Id.* The context of the report illustrates the personal rather than public nature of the complaint. *Connick v. Myers*, 461 U.S. 138, 147–48 (1983). Parker's report concerned a "personal grievance" that her duties required her to make. *Gorum v. Sessoms*, 561 F.3d 179, 187 (3d Cir. 2009); *Borden v. Sch. Dist. of the Twp. of East Brunswick*, 523 F.3d 153, 169–70 (3d Cir.2008). Beyond the report of abuse, Parker's complaint concerned, at most, a single lapse by a colleague in her reporting obligations, not "fundamental problems reaching beyond [her] day to day minutiae." Doc. 30, Ex. 1, ¶ 25; *DeRitis v. McGarrigle*, 861 F.3d 444, 455 (3d Cir. 2017). Fatal to her claim, Parker never sought a "public mein" for her complaints. *Id.* at 456 (quoting *Swineford v. Snyder Cty.*, 15 F.3d 1258, 1272 (3d Cir. 1994)).

Parker's reports "lacked the requisite connection to broad social and political issues, transparency in government affairs, or the effectiveness of government service that is normally characteristic of an issue of public concern." *Burne v. Siderowicz*, 445 F. App'x 529, 532 (3d Cir. 2011) (citing *Borden v. Sch. Dist. of Twp. of E. Brunswick*, 523 F.3d 153, 170 (3d Cir.2008)). The Court should dismiss her claims for First Amendment Retaliation with prejudice.

**3. Parker asserts a claim under section 1983, but the facts she alleges are not sufficient to state that claim for relief.**

Parker's proposed complaint is devoid of factual matter sufficient "to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Courts should disregard "naked [factual] assertions" and "threadbare recitals" of the elements of a claim and legal conclusions when evaluating the sufficiency of a complaint. *Santiago v. Warminster Tp.*, 629 F.3d 121 (3d Cir. 2010). Parker's proposed amendments should be disregarded as they are naked assertions, threadbare recitals of the elements and legal conclusions.

Parker's key allegations are:

- Upon information and belief, Defendants, Dennis, Stark, Wacyk, and Johnstone agreed and conspired to terminate Plaintiff due to her statutorily-required report, specifically because Plaintiff reported all information, including the fact that Ms. Jackson failed to inform the appropriate authorities. Ex. 1, ¶ 30.

- Upon information and belief, the conduct of Defendants, School District of Philadelphia and Jamal B. Dennis, as Principle [sic] of Edward T. Steel Elementary School was part of a custom, policy and/or practice and these customs, policies and/or practices caused the violation of Plaintiff's rights. Specifically, Defendants, School District of Philadelphia and Jamal B. Dennis, as Principle [sic] of Edward T. Steel Elementary School terminate contracted employees and/or independent contractors who report child abuse

> to the appropriate authorities and/or terminate contracted employees and/or independent contractors who identify other employee(s) of the School District of Philadelphia who fail to report child abuse to the appropriate authorities without any legal justification due to, *inter alia*, a failure to train, supervise, and/or discipline the School District of Philadelphia employees and, most importantly, because of a deliberate indifference to the Constitutional rights of contracted employees and/or independent contractors. Ex. 1 ¶ 38.

A local government body may be liable under section 1983 "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation. *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citing *Monell v. New York City Dept. of Social Servs.,* 436 U.S. 658, 692 (1978)). To state a cause of action against the District, Parker needs to allege plausibly that some "official municipal policy" caused her injury. Parker has failed to do so as she has alleged only bald statements and legal conclusions.

Parker's allegations are at most "threadbare recitals" of the elements of a *Monell* claim. For instances, to establish *Monell* liability for failure to train, Parker must establish the threshold element of "deliberate indifference." *Connick*, 563 U.S. at 61. So, Parker states, without elaboration, that the District terminated certain contracted employees, "because of a deliberate indifference to the[ir] constitutional rights…" Doc. 33 Ex. 1, ¶ 38. She fails to allege any facts that would support that legal conclusion; facts describing "actual or constructive notice" or a "pattern of similar constitutional violations by untrained employees. . . ." *Connick*, 563 U.S. at 61-62. Parker's insufficient allegations fail to specify whether the alleged illegal practice is the result of a custom or a policy or a practice. Doc. 30, Ex. 1 ¶ 38.

Parker's complaint is insufficient to state a plausible cause of action under section 1983. Her threadbare recitals of the claim's elements and conclusory statements are not adequate to allow this Court accept her claims as possible let alone plausible. The Court should dismiss Parker's claims against the District with prejudice and deny leave to amend her complaint further.

## IV. Conclusion.

Parker's proposed amendments are futile; they do not and cannot state a cause of action against the District. Her First Amendment retaliation claims are futile because her report was ordinarily within the scope of her duties and was not a matter of public concern. A claim is futile when further amendment cannot cure its defects. The District respectfully requests that the Court dismiss her second amended complaint with prejudice and deny leave to amend further.

Dated: June 26, 2018

Respectfully Submitted:

*/s/Colin S. Haviland*
Colin S. Haviland
Assistant General Counsel
Office of General Counsel
The School District of Philadelphia
440 N. Broad Street, Suite 313
Philadelphia, Pennsylvania 19130
T: 215.400.5637
F: 215.400.4121
chaviland@philasd.org

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Erica Parker** | : | **Civil Action** |
| **v.** | : | |
| | : | **No. 17-1744** |
| **School District of Phila., et al.** | : | |

**CERTIFICATE OF SERVICE**

I, Colin S. Haviland, Assistant General Counsel, hereby served a true and correct copy of Defendant, the School District of Philadelphia's Motion to Dismiss Plaintiff's Second Amended Complaint, via ECF, on the following:

**GARY SCHAFKOPF**
HOPKINS SCHAFKOPF, LLC
11 BALA AVE.
BALA CYNWYD, PA 19004

**MATTHEW B. WEISBERG**
WEISBERG LAW PC
7 SOUTH MORTON AVE
MORTON, PA 19070

**MARVIN WEINBERG**
FOX ROTHSCHILD LLP
2000 MARKET STREET
20TH FLOOR
PHILADELPHIA, PA 19103-3291

**FRANZ ESPANOL**
FOX ROTHSCHILD LLP
2000 MARKET ST 20TH FL
PHILADELPHIA, PA 19103

**JACQUELINE K. GALLAGHER**
BUCHANAN INGERSOLL & ROONEY, P.C.
TWO LIBERY PLACE
50 SOUTH 16TH STREET – SUITE 3200
PHILADELPHIA, PA 19102