## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERICA PARKER, | : |
| | : |
| Plaintiff, | : |
| v. | : |
| | : |
| THE SCHOOL DISTRICT OF | :   Civil Action No. 2:17-cv-01744-JD |
| PHILADELPHIA, | : |
| and | : |
| JAMAL B. DENNIS, | : |
| and | : |
| STAFFING PLUS HOLDINGS, INC., | : |
| and | : |
| ALISON JOHNSON, | : |
| and | : |
| INTERCOMMUNITY ACTION, INC., | : |
| and | : |
| SHARON STARK, | : |
| and | : |
| URSALA WACYK, | : |
| and | : |
| JOHN DOES 1-10, | : |
| | : |
| Defendants. | : |

### MOTION TO DISMISS SECOND AMENDED COMPLAINT BY DEFENDANTS STAFFING PLUS HOLDINGS, INC. AND ALISON CLARK F/K/A ALISON JOHNSON

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Staffing Plus Holdings, Inc. and Alison Clark f/k/a Alison Johnson (incorrectly stated as "Allison Johnstone"), by their undersigned counsel, hereby moves this Court to dismiss the Second Amended Complaint of Plaintiff Erica Parker.  In support of the instant Motion, the Court is respectfully referred to the accompanying Memorandum of Law.

Respectfully submitted,

/s/  Franz Español
Marvin L. Weinberg, Esquire
Attorney I.D. No. 26518
Franz Español, Esquire

Attorney I.D. No. 313707
Fox Rothschild LLP
2000 Market Street, 20th Floor
Philadelphia, PA  19103-3222
(215) 299-2000 / (215) 299-2150 (facsimile)
mweinberg@foxrothschild.com
fespanol@foxrothschild.com
*Counsel for Defendants Staffing Plus*
*Holdings, Inc. and Alison Clark f/k/a Alison*
*Johnson (incorrectly stated as "Allison*
*Johnstone")*

Dated:  August 17, 2018

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERICA PARKER, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| THE SCHOOL DISTRICT OF | : | Civil Action No. 2:17-cv-01744-JD |
| PHILADELPHIA, | : | |
| and | : | |
| JAMAL B. DENNIS, | : | |
| and | : | |
| STAFFING PLUS HOLDINGS, INC., | : | |
| and | : | |
| ALISON JOHNSON, | : | |
| and | : | |
| INTERCOMMUNITY ACTION, INC., | : | |
| and | : | |
| SHARON STARK, | : | |
| and | : | |
| URSALA WACYK, | : | |
| and | : | |
| JOHN DOES 1-10, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT BY DEFENDANTS STAFFING PLUS HOLDINGS, INC. AND ALISON CLARK F/K/A ALISON JOHNSON

Respectfully submitted,

*/s/  Franz Español*
Marvin L. Weinberg, Esquire
Attorney I.D. No. 26518
Franz Español, Esquire
Attorney I.D. No. 313707
Fox Rothschild LLP
2000 Market Street, 20th Floor
Philadelphia, PA  19103-3222
(215) 299-1937
(215) 299-2150 (facsimile)
mweinberg@foxrothschild.com
fespanol@foxrothschild.com
*Counsel for Defendants Staffing Plus*
*Holdings, Inc. and Alison Clark f/k/a Alison*
*Johnson (incorrectly stated as "Allison*
*Johnstone")*

Dated:  August 17, 2018

## **TABLE OF CONTENTS**

I.      Preliminary Statement.......................................................................................... 4

II.     Summary Of Facts. ................................................................................................ 5

      A.      Staffing Plus Engaged Ms. Parker As An Independent Contractor And Placed
           Her For A Contracting Opportunity With Intercommunity Action; Staffing
           Plus, Intercommunity Action, And Ms. Clark Are All Private Actors. ................ 5

      B.      Staffing Plus Had No Involvement With Ms. Parker's Day To Day Work
           Duties At The Steel School. ................................................................................ 6

      C.      Ms. Parker Reported A Suspected Incident Of Child Abuse With Child Line,
           Intercommunity Action And The School District, But Ms. Parker Made No
           Such Report To Staffing Plus. ........................................................................... 7

      D.      The Discontinuation Of Ms. Parker's Engagement At The Steel School.............. 8

III.    Legal Argument. .................................................................................................... 9

      A.      Standard Of Review. ......................................................................................... 10

      B.      Ms. Parker Failed To State A Claim For Conspiracy Against Staffing Plus
           And Ms. Clark. ................................................................................................. 10

      C.      Alleged Wrongful Termination Of An Independent Contractor Is Not A
           Recognized Cause Of Action Under Pennsylvania Law. .................................... 14

      D.      Further Amendments Of Ms. Parker's Complaint Are Futile As To Staffing
           Plus And Ms. Clark. .......................................................................................... 18

IV.     Conclusion. .......................................................................................................... 19

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .............................................................................................. 10

*Barnett v. Sch. Dist. of Lancaster*,
  No. CIV.A. 14-2414, 2015 WL 1312730 (E.D. Pa. Mar. 24, 2015) ....................... 12

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .............................................................................................. 10

*Brosso v. Devices for Vascular Intervention, Inc.*,
  879 F. Supp. 473 (E.D. Pa. 1995), *aff'd*, 74 F.3d 1225 (3d Cir. 1995) ............... 17, 18

*United States ex rel. Budike v. PECO Energy*,
  897 F. Supp. 2d 300 (E.D. Pa. 2012) .................................................................... 14

*In re Burlington Coat Factory Sec. Litig.*,
  114 F.3d 1410 (3d Cir. 1997) ................................................................................ 18

*Clay v. Advanced Computer Applications, Inc.*,
  559 A.2d 917 (Pa. 1989) .................................................................................. 14, 16

*Daniel Adams Assocs., Inc. v. Rimbach Pub., Inc.*,
  519 A.2d 997 (Pa. Super. 1987) ............................................................................ 14

*Hammond v. Creative Fin. Planning Org., Inc.*,
  800 F. Supp. 1244 (E.D. Pa. 1992) .................................................................. 12, 14

*Loftus v. SEPTA*,
  843 F.Supp. 981 (E.D. Pa. 1994) .......................................................................... 12

*McCauley v. Computer Aid Inc.*,
  447 F. Supp.2d 469 (E.D. Pa. 2006) ..................................................................... 11

*Morse v. Lower Merion Sch. Dist.*,
  132 F.3d 902 (3d Cir. 1997) .................................................................................. 10

*Perry v. Tioga County*,
  649 A.2d 186 (Pa. Commw. 1994) ........................................................................ 17

*Rendell-Baker v. Kohn*,
  457 U.S. 830 (1982) .............................................................................................. 11

*Sheils v. Pennsubry Sch. Dist.*,
    No. CIV.A. 14-2736, 2014 WL 5038395 (E.D. Pa. Oct. 8, 2014)...........................................14

*Kost v. Kozakiewicz*,
    1 F.3d 176 (3d Cir. 1993)...........................................................................................11

*Yetter v. Ward Trucking Co.*,
    585 A.2d 1022 (Pa. Super. 1991).................................................................................16

*Zarebicki v. Devereux Found.*,
    No. 09–6205, 2011 WL 2582140 (E.D. Pa. June 30, 2011) ...................................................11

**Statutes**

42 U.S.C. § 1983................................................................................................ *passim*

**Other Authorities**

First Amendment ......................................................................................................4, 8

Federal Rule of Civil Procedure 12(b)(6) .............................................................................10, 19

## MEMORANDUM OF LAW

## I.      PRELIMINARY STATEMENT.

Defendant Staffing Plus Holdings, Inc. ("Staffing Plus") is a recruiting and staffing firm, and Plaintiff Erica Parker's independent contractor relationship with Staffing Plus ended for lawful reasons.  In 2015, a former Staffing Plus recruiter, Alison Clark, formerly Alison Johnson ("Ms. Clark"),[1] matched Ms. Parker for a job opportunity at co-Defendant Intercommunity Action, Inc. ("Intercommunity Action").  The facts, as alleged by Ms. Parker, made it clear that Staffing Plus functioned as a recruiter, and it was Intercommunity Action who assigned Ms. Parker to work as an on-site Lead Clinician at a Philadelphia public school in 2015.  According to Ms. Parker, Staffing Plus was not involved in overseeing any of Ms. Parker's work as a Lead Clinician.   In October 2015, the School District of Philadelphia (the "School District") purportedly conspired with Intercommunity Action, and "upon information and belief" Staffing Plus and Ms. Clark, to unlawfully conclude Ms. Parker's work as a Lead Clinician.  Ms. Parker believes that her contract ended because she allegedly made a report of suspected child abuse (involving a School District student) to the Pennsylvania Department of Human Services.  However, because Ms. Parker cannot back-up her claims with facts, Ms. Parker's Second Amended Complaint must be dismissed as to Staffing Plus and Ms. Clark.

Ms. Parker has had three attempts to assert meritorious claims, and Ms. Parker simply cannot assert any facts to keep Staffing Plus or any of its current and/or former employees in this action.  Nevertheless, in her Second Amended Complaint, Ms. Parker alleged two theories of liability against Staffing Plus and Ms. Clark: (1) retaliation for exercising First Amendment rights in violation of 42 U.S.C. § 1983, and (2) wrongful termination.  Both claims fail.  Under

---

[1] Ms. Parker incorrectly stated Ms. Clark's name, inclusive of her maiden name, as "Allison Johnstone."

42 U.S.C. § 1983, Ms. Parker cannot assert a *prima facie* claim because Staffing Plus and Ms. Clark are not state actors, and Ms. Parker's newly alleged theory of conspiracy fails as a matter of law.  In fact, *Ms. Parker failed to allege a single fact supporting an inference that Staffing Plus, Ms. Clark, and the School District coordinated their efforts to commit a criminal act, a lawful act by unlawful means, or a lawful act for an unlawful purpose (i.e. the basic elements of a conspiracy).*

Staffing Plus and Ms. Clark also have no liability for alleged wrongful termination because Pennsylvania law does not recognize such a cause of action in the context of Ms. Parker's former role as an independent contractor.  Even if the Court were to apply by analogy a very narrow public policy exception applicable only to at-will employees—which Ms. Parker was not—the Second Amended Complaint is still devoid of any factual basis for liability.  Even if her allegations were to be accepted as true, the law does not afford Ms. Parker any recourse against Staffing Plus and Ms. Clark.  Because Ms. Parker has had more than ample opportunity to correct the deficiencies in her previously filed complaints, the Court should dismiss Ms. Parker's Second Amended Complaint as to Staffing Plus and Ms. Clark with prejudice.

## II.    SUMMARY OF FACTS.

Except for legal conclusions and unsubstantiated theories of liability, Ms. Parker's alleged facts in her Second Amended Complaint, inclusive of reasonable inferences therefrom, are accepted as true solely for the purpose of the Court's analysis of the instant Motion to Dismiss.

### A.    Staffing Plus Engaged Ms. Parker As An Independent Contractor And Placed Her For A Contracting Opportunity With Intercommunity Action; Staffing Plus, Intercommunity Action, and Ms. Clark Are All Private Actors.

Staffing Plus is a Pennsylvania business corporation engaged in recruiting and staffing of professionals in the healthcare industry.  (Second Am. Compl. ¶ 4.)  Staffing Plus is not a

federal, state, or governmental agency.  (*Id.*)  Ms. Clark, who was a recruiter formerly employed by Staffing Plus during the relevant period of this dispute, was a private employee; Ms. Clark was not employed by a federal, state, or governmental agency.  (*See id.* ¶ 5.)

Beginning in 2002, and continuing intermittently thereafter, Staffing Plus engaged Ms. Parker as an independent contractor.  (*Id.* ¶ 13.)  Ms. Parker's point of contact with Staffing Plus was Ms. Clark, a former Staffing Plus recruiter.  (*See id.* ¶ 14.)  In or around 2015, Ms. Clark, in her capacity as a recruiter for Staffing Plus, submitted Ms. Parker for placement at co-Defendant, Intercommunity Action—a private, Pennsylvania non-profit corporation and provider of comprehensive human and educational services.  (*Id.* ¶¶ 6 & 15.)  Intercommunity Action retained Ms. Parker's services, and it assigned Ms. Parker to work as a Lead Clinician at the Edward T. Steel Elementary School (the "Steel School")—a school that is owned and operated by co-Defendant, the School District.  (*Id.* ¶ 15.)

**B.      Staffing Plus Had No Involvement With Ms. Parker's Day To Day Work Duties At The Steel School.**

Staffing Plus had no involvement with Intercommunity Action's decision to place Ms. Parker at the Steel School.   Specifically, after Staffing Plus placed Ms. Parker with Intercommunity Action, the latter "assigned [Ms. Parker] to work . . . [at the Steel School]."  (*Id.* ¶ 15.)   Staffing Plus did not maintain a physical office at the Steel School; however, Intercommunity Action did maintain such an office.  (*Id.* ¶ 16.)  Co-Defendant Sharon Stark is an employee of Intercommunity Action, and she purportedly "oversaw Plaintiff's day to day activities."  (*Id.*  ¶ 17.)  Staffing Plus never supervised Ms. Parker's day to day activities as a Lead Clinician at the Steel School.

**C.    Ms. Parker Reported A Suspected Incident Of Child Abuse With Child Line, Intercommunity Action And The School District, But Ms. Parker Made No Such Report To Staffing Plus.**

The genesis of Ms. Parker's purported claims revolve around her interactions with a School District student on October 6, 2015 and the events that transpired thereafter.  (*Id.* ¶¶ 19-25.)  On October 6, 2015, Ms. Parker removed a student from a classroom because he had been acting out.  (*Id.* ¶ 19.)  Ms. Parker asked the student "why he was lashing out and not listening to teachers and staff at the school."  (*Id.* ¶ 20.)  The student replied that the day prior, October 5, 2015, the student told his guidance counselor that he watched pornography and engaged in sexual acts with his neighbor.  (*Id.* ¶ 21.)  The student also informed Ms. Parker that his brother is gay and the student's brother "expressed a desire for [the student] to be gay as well."  (*Id.* ¶ 22.)  Ms. Parker asked whether the student's brother had ever touched him inappropriately, and the student told Ms. Parker that he did not want to talk about his situation at home.  (*Id.*)

On October 6 and 7, 2015, Ms. Parker reported the student's story to several parties—none of whom were employed by Staffing Plus—namely:

- the student's guidance counselor, a "Ms. Jackson;"[2]

- Ms. Parker's Intercommunity Action supervisor, Ms. Stark;

- the principal of the Steel School, co-Defendant Jamal B. Dennis ("Principal Dennis"); and

- Child Line, the Pennsylvania Department of Human Services' child abuse hotline.

(*Id.* ¶¶ 23-27.)  Ms. Parker never informed Staffing Plus of the alleged child abuse controversy.  (*See id.* ¶ 24.)

---

[2] Parker did not provide Ms. Jackson's first name.

**D.**     <u>**The Discontinuation of Ms. Parker's Engagement at the Steel School.**</u>

Although Ms. Parker never informed Staffing Plus of her report to Child Line, Ms. Parker alleged "upon information and belief" that "[Principal] Dennis, Stark, Wacyk, and [Ms. Clark] agreed and conspired to terminate Plaintiff due to her statutorily-required report [to Child Line]." (*Id.* ¶ 30.)  Ms. Parker did not specify, *inter alia*, when the alleged conspiracy began, whether there were meetings between some or all of the individual Defendants, the frequency of their alleged interactions, the specific roles played by each individual, and how Staffing Plus and Ms. Clark initially learned of the alleged complaint to Child Line (since Ms. Parker did not inform them of the complaint).  (*See id.*)  Despite those missing details, Ms. Parker alleged that on or about October 16, 2015, Ms. Clark instructed Ms. Parker that she should not report to work at the Steel School because "her services were no longer needed."  (*Id.* ¶ 31.)  Ms. Parker believed that she would be assigned to another school operated by the School District, but she never received a new assignment.  (*Id.*)  Ms. Parker accused Staffing Plus of not being truthful to her with regard to a potential reassignment to another School District school.  (*Id.* ¶ 33.)  By January 2016, Ms. Clark allegedly informed Ms. Parker "that Staffing Plus Holdings Inc. was instructed by Intercommunity Action Inc. that [the] School District of Philadelphia would no longer retain Plaintiff's services because she made the phone call to Child Line."  (*Id.* ¶ 34.)

Ms. Parker filed her Complaint on or about April 17, 2017, and the School District moved to dismiss the same.  In response, Ms. Parker filed a First Amended Complaint, and the School District and Staffing Plus moved to dismiss the First Amended Complaint, which the Court granted without prejudice (*see* ECF Document No. 32).  On June, 13, 2018, Ms. Parker filed a Second Amended Complaint purporting state two claims against Staffing Plus and Ms. Clark: (1) a violation of 42 U.S.C. § 1983 ("Section 1983") for alleged conspiracy to engage in First Amendment retaliation, and (2) wrongful termination of Ms. Parker's independent

contractor engagement.  Both of Ms. Parker's claims against Staffing Plus and Ms. Clark fail as a matter of law and must be dismissed with prejudice.

## III.    LEGAL ARGUMENT.

Ms. Parker cannot state any actionable claim against Staffing Plus and Ms. Clark pertaining to the conclusion of her services at the Steel School.

*First*, Ms. Parker's purported claim under Section 1983 fails because Staffing Plus and Ms. Clark are not state actors; therefore, they are not subject to liability under Section 1983. Significantly, Ms. Parker's Second Amended Complaint conceded the fact that Staffing Plus and Ms. Clark are not state actors.  (Second Am. Compl. ¶¶ 4-5).  Instead, Ms. Parker sought to attach state action upon Staffing Plus and Ms. Clark by claiming an alleged conspiracy between Staffing Plus and Ms. Clark, on the one hand, and Principal Dennis, a School District employee, on the other.  Ms. Parker's conspiracy claim amounts to nothing more than a mere conclusion of law that is not substantiated by facts.  Thus, Ms. Parker's Section 1983 claim must be dismissed with prejudice.

*Second*, with regard to Ms. Parker's purported "wrongful termination" claim, Pennsylvania law does not recognize a civil action for wrongful termination of an independent contractor engagement; thus, Ms. Parker's second count against Staffing Plus and Ms. Clark fail. Moreover, even if the Court applied by analogy a limited public policy exception applicable only to at-will employees (notably, Ms. Parker was not employed by Staffing Plus or Ms. Clark), Ms. Parker's wrongful termination claim amounts to nothing more than a conclusory allegation.  In fact, Ms. Parker failed to allege any purported violation grounded on clear mandates of public policy.  It follows that Ms. Parker's wrongful termination count against Staffing Plus and Ms. Clark must be dismissed with prejudice.

*Third*, this Court should not permit Ms. Parker leave to amend her Complaint for a third time because any further amendments are futile as to Staffing Plus and Ms. Clark.  The Second Amended Complaint suffers the same defects as Ms. Parker's First Amended Complaint.  Ms. Parker failed to state sufficient facts to support claims against Staffing Plus, and now, Ms. Clark. It is evident that Ms. Parker is grasping at straws to keep Staffing Plus in this case, and in the process Ms. Parker has prejudiced Staffing Plus and Ms. Clark in terms of incurred attorneys' fees, duplicative motion practice, and time spent on investigating Ms. Parker's newly raised conspiracy claim.  Ms. Parker's claims against Staffing Plus and Ms. Clark must be dismissed without leave for further amendments.

### A.     <u>Standard of Review.</u>

Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level").  In considering a motion to dismiss for failure to state a claim upon which relief can be granted, a court must accept as true all well-pled facts in the complaint, but need not credit the plaintiff's "bald assertions" or "legal conclusions."  *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).  In order to survive a 12(b)(6) motion to dismiss, a complaint must include factual allegations that demonstrate the plaintiff's plausible entitlement to relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Twombly*, 550 U.S. at 570.  A complaint must be dismissed for failure to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 556.

### B.     <u>Ms. Parker Failed To State A Claim For Conspiracy Against Staffing Plus And Ms. Clark.</u>

Section 1983 establishes a civil cause of action against a person who "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of

Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C. § 1983.  Imbedded within this statutory language are two elements that are essential to support a *prima facie* Section 1983 claim.  First, a person must have deprived the plaintiff of a right protected by the Constitution, and second, the person who deprived the plaintiff of that right must have acted under color of state or territorial law. *McCauley v. Computer Aid Inc.*, 447 F. Supp.2d 469, 471 (E.D. Pa. 2006) (*relying upon Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir. 1993)).  Ms. Parker cannot establish either element against Staffing Plus and/or Ms. Clark.

Addressing the "under color of state law" requirement first, "only conduct fairly attributable to the state is actionable under § 1983." *Zarebicki v. Devereux Found.*, No. 09–6205, 2011 WL 2582140, at *2 (E.D. Pa. June 30, 2011).  "The ultimate issue in determining whether a person is subject to suit under § 1983 . . . is [whether] the alleged infringement of federal rights [is] fairly attributable to the State." *Rendell-Baker v. Kohn*, 457 U.S. 830, 839 (1982).  Thus, "private conduct, no matter how wrongful or discriminatory, escapes liability." *Zarebicki*, 2011 WL 2582140, at *2.

Ms. Parker conceded that Staffing Plus and Ms. Clark are not state actors; they are private actors.  (Second Am. Compl. ¶¶ 4-5.)  Yet Ms. Parker purports to allege a Section 1983 claim based on a theory that Staffing Plus, via the alleged conduct of Ms. Clark, conspired with Principal Dennis, a state actor, to deprive Ms. Parker of her right to file a complaint with Child Line.   In order to survive a motion to dismiss, Ms. Parker must allege facts—not mere conclusions or speculative averments—that show: "(1) the existence of a conspiracy involving state action; and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the

11

conspiracy." *Barnett v. Sch. Dist. of Lancaster*, No. CIV.A. 14-2414, 2015 WL 1312730, at *6 (E.D. Pa. Mar. 24, 2015).  Stated differently, Ms. Parker must allege facts showing that Staffing Plus and Ms. Clark, on the one hand, worked in concert with Principal Dennis, on the other, to commit "a criminal act" or to otherwise engage in "a lawful act by unlawful means or for an unlawful purpose." *Hammond v. Creative Fin. Planning Org., Inc.*, 800 F. Supp. 1244, 1249 (E.D. Pa. 1992).   "Only allegations of conspiracy which are particularized, such as those addressing the period of the conspiracy, the object of the conspiracy, and certain actions of the alleged conspirators taken to achieve that purpose, will be deemed sufficient.  An inference of conspiracy from the Complaint is no substitute for the requirement that the circumstances of the conspiracy be pleaded with specificity." *Loftus v. SEPTA*, 843 F.Supp. 981, 986-87 (E.D. Pa. 1994).

Ms. Parker's threadbare allegations cannot sustain a conspiracy claim under Section 1983.  Specifically, Ms. Parker relied solely on conclusory statements and her "subjective suspicion and speculation" that Staffing Plus and Ms. Clark acted in concert with Principal Dennis to terminate Ms. Parker's services at the Steel School.  *Barnett*, 2015 WL 1312730, at *6. All of Ms. Parker's allegations regarding Staffing Plus's and Ms. Clark's alleged involvement in the conspiracy with Principal Dennis are made *upon information and belief*:

> 14.   . . . Upon information and belief, [Ms. Clark] was the chief decision maker of Staffing Plus Holdings Inc. concerning Edward T. Steel Elementary School.
>
> * * *
>
> 30.    Upon information and belief, Defendants, Dennis, Stark, Wacyk, and [Ms. Clark] agreed and conspired to terminate Plaintiff due to her statutorily-required report, specifically because Plaintiff reported all information, including the fact that Ms. Jackson failed to inform the appropriate authorities.
>
> * * *

36.    Upon information and belief, Dennis, Stark, Wacyk, and [Ms. Clark] terminated Plaintiff's employment because of Plaintiff's report of child abuse to Child Line . . .

37.    Upon information and belief, Dennis, Stark, Wacyk, and [Ms. Clark] conspired to retaliate against Plaintiff for Plaintiff's report of child abuse to Child Line . . .

(Second Am. Compl. ¶¶ 14, 30 and 36-37.)

Ms. Parker *made no allegation* directly linking Staffing Plus and Ms. Clark to Principal Dennis. To the contrary, the Court may reasonably infer that there was no direct contact between the Staffing Plus and Principal Dennis because Staffing Plus did not maintain an office or assign employees to work at the Steel School, and Staffing Plus did not manage or otherwise oversee Ms. Parker's work at the Steel School. Even with regard to the decision to conclude Ms. Parker's engagement, Ms. Parker alleged that Staffing Plus received its instructions from Intercommunity Action and not Principal Dennis. (*Id.* ¶ 34 ("[Staffing Plus] *was instructed by Intercommunity Action Inc.* that School District of Philadelphia would no longer retain Plaintiff's services . . .") (emphasis supplied).) In sum, the reasonable inferences gleaned from the Second Amended Complaint are as follows:

- Staffing Plus functioned as a recruiter;

- Staffing Plus, via Ms. Clark, matched Ms. Parker for an opportunity at Intercommunity Action;

- Staffing Plus's interactions with Ms. Parker effectively ended or were otherwise limited after Ms. Parker accepted the placement opportunity at Intercommunity Action;

- Intercommunity Action—and not Staffing Plus—decided to assign Ms. Parker to the Steel School; and

- *Staffing Plus had no discussions or interactions with the School District regarding Ms. Parker's duties as a Lead Clinician.*

13

Even construing all reasonable inferences in favor of Ms. Parker, she simply failed to assert facts to sustain a conspiracy claim against Staffing Plus and Ms. Clark.  "[Ms. Parker] cannot baldly claim that the School District's actions constituted a conspiracy, but must plead facts that plausibly give rise to an entitlement to relief."  *Sheils v. Pennsubry Sch. Dist.*, No. CIV.A. 14-2736, 2014 WL 5038395, at *11 (E.D. Pa. Oct. 8, 2014).  Ms. Parker "must make specific factual allegations of combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events."  *Id.*  If the plaintiff's allegations are "sketchy, episodic, and uneven" such that the Court must "fill in the gaps" instead of relying on plaintiff's well pled facts, then the Court must dismiss the claim. *Hammond*, 800 F.Supp. at 1250.  Here, Ms. Parker failed to supply any pertinent facts regarding, *inter alia*, when the alleged conspiracy began, the parties' plan or motive, whether there were meetings between Staffing Plus officials and School District officials, the frequency of the meetings, if any, and the specific roles played by each party.  Thus, Ms. Parker failed to allege facts supporting the existence of a conspiracy involving state action between Staffing Plus, Ms. Clark, and the School District.

### C.   Alleged Wrongful Termination Of An Independent Contractor Is Not A Recognized Cause Of Action Under Pennsylvania Law.

In Pennsylvania, independent contractor relationships may be severed for good reason, bad reason, or no reason at all unless a written contract states otherwise.  *Daniel Adams Assocs., Inc. v. Rimbach Pub., Inc.*, 519 A.2d 997, 1003 (Pa. Super. 1987).  Pennsylvania law does not provide a cause of action for an alleged wrongful termination of an independent contractor relationship.  *United States ex rel. Budike v. PECO Energy*, 897 F. Supp. 2d 300, 326 (E.D. Pa. 2012) ("It is unclear whether a wrongful discharge claim is available to independent contractors, although there is authority indicating that it is not.");  *see Clay v. Advanced Computer*

*Applications, Inc.*, 559 A.2d 917, 918 (Pa. 1989) ("as a general rule, there is no common law cause of action against a [defendant] for termination of an at-will employment relationship").

Here, Staffing Plus engaged Ms. Parker as an independent contractor.[3]  Neither Staffing Plus nor Ms. Clark supervised Ms. Parker's duties; rather, "[Ms. Parker] reported to Defendant, Sharon Stark, an employee of Intercommunity Action Inc., who . . . oversaw Plaintiff's day to day activities."  (Second Am. Compl. ¶ 17.)  It follows that Ms. Parker cannot state a claim against Staffing Plus because Pennsylvania law does not provide a cause of action for an alleged wrongful termination of an independent contractor relationship.  Ms. Parker also failed to state a claim against Ms. Clark for alleged wrongful termination because Ms. Clark did not employ Ms. Parker as an employee or otherwise engage her as an independent contractor.

To salvage her wrongful termination claim, Ms. Parker relies on a tenuous public policy argument that is not supported by applicable Pennsylvania law.  *To be clear, there is no public policy exception to the general rule that parties may end an independent contractor engagement for good reason, bad reason, or no reason at all.*  The public policy exception that Ms. Parker relies on only applies in the context of an employer-employee relationship.

But even if a claim for wrongful discharge were available to an independent contractor under Pennsylvania law—which it is not—Ms. Parker has not alleged facts sufficient to show

---

[3]       Ms. Parker asserts in her Second Amended Complaint that she "was employed by Defendant, Staffing Plus Holdings Inc. intermittently since 2002 *as an independent contractor.*" (Second Am. Compl. ¶ 13 (emphasis supplied).)  Although Parker's choice of language created some ambiguity as to her worker classification, the totality of Ms. Parker's allegations in her Second Amended Complaint confirm that Staffing Plus was merely Ms. Parker's recruiter, and it was not her employer.  Significantly, neither Staffing Plus nor Ms. Clark assigned Ms. Parker to work at the Steel School, and they did not supervise her work as a Lead Clinician.  (*Id*. ¶¶ 15 & 17.)  Ms. Parker did not work in any Staffing Plus facility during the relevant period of this dispute.  (*Id*. ¶¶ 15-16.)  Staffing Plus merely paired Ms. Parker with available work opportunities on an as needed basis.  Ms. Parker notified Intercommunity Action and the School District—and not Staffing Plus—of any work-related issues that she had at the Steel School.  (*Id*. ¶¶ 23-24.)

that Staffing Plus discontinued her engagement in violation of the clear mandates of public policy.  In the context of an at-will employee—which Parker was not—Pennsylvania law has recognized a very narrow exception to the general rule precluding "[a] cause of action against an employer for termination of an at-will employment relationship." *Clay*, 559 A.2d at 918. "Exceptions to this rule have been recognized in only the most limited of circumstances" where the discharge of the contractor "would threaten clear mandates of public policy." *Id*.  To successfully invoke the public policy exception, there must be "a finding of a violation of a clearly defined mandate of public policy which 'strikes at the heart of a citizen's social right, duties and responsibilities.'" *Yetter v. Ward Trucking Co.*, 585 A.2d 1022, 1026 (Pa. Super. 1991) (*quoting Hineline v. Stroudsburg Elec. Supply Co., Inc.*, 559 A.2d 566, 568 (Pa. Super. 1989)).  "The sources of public policy [which may limit the employer's right of discharge] include legislation; administrative rules, regulation, or decision; and judicial decision." *Yetter*, 585 A.2d at 1026 (*quoting Cisco v. United Parcel Services, Inc.*, 476 A.2d 1340, 1343 (Pa. Super. 1984)).  Applying these principles, Ms. Parker's wrongful termination claim against Staffing Plus and Ms. Clark must fail.

Ms. Parker's wrongful termination claim amounts to a conclusory allegation that is not supported by facts.  Specifically, Ms. Parker failed to allege any facts as to how Staffing Plus or Ms. Clark infringed upon the public policy of reporting suspected child abuse.  It is undisputed that as of October 2015, Staffing Plus was not involved in, and thus had no knowledge of, Ms. Parker's day-to-day duties.  (Second Am. Compl. ¶ 17 (Ms. Parker alleged that she was supervised by Intercommunity Action and not Staffing Plus or Ms. Clark).)  Ms. Parker failed to allege any facts or details on how Staffing Plus and Ms. Clark allegedly obtained knowledge of Ms. Parker's complaint to Child Line.  (*Id*. ¶ 26 (Ms. Parker notified Intercommunity Action and

16

not Staffing Plus or Ms. Clark of her alleged complaint to Child Line, and Intercommunity Action encouraged Ms. Parker to inform the School District of the same).)   It follows that Staffing Plus and Ms. Clark had no knowledge of Ms. Parker's purported complaint to Child Line.

Even if the Court infers that Staffing Plus and Ms. Clark were made aware of the complaint to Child Line by Intercommunity Action, Ms. Parker's wrongful termination claim amounts to a purported whistleblower claim, and Pennsylvania does not recognize a public policy of protecting whistleblowers in the private sector.  *Brosso v. Devices for Vascular Intervention, Inc.*, 879 F. Supp. 473, 477 (E.D. Pa. 1995), *aff'd*, 74 F.3d 1225 (3d Cir. 1995) ("there is no general public policy [in Pennsylvania] protecting whistleblowers in the private sector"); *see also Perry v. Tioga County*, 649 A.2d 186, 189 n.8 (Pa. Commw. 1994) (same). The Pennsylvania Superior Court in *Holowinski v. Children's Hosp. of Pittsburgh* made it clear that a plaintiff fails to state a claim if the purported wrongful termination action depends upon a whistleblower controversy in the private sector:

> In the instant case, the public policy at issue is the need to protect whistleblowers. Although there is a whistleblower law in Pennsylvania, 43 Pa. Stat. Ann. § 1421 (1986), it only applies to employees discharged from governmental entities, and therefore does not protect appellant . . . [courts] are precluded from creating or forming public policy with respect to wrongful discharge. Therefore, as appellant's claim is not based on an established public policy exception, this claim is meritless.

649 A.2d 712, 715 (Pa. Super. 1994).

Here, Ms. Parker's wrongful termination claim against Staffing Plus and Ms. Clark cannot proceed because it is premised on a whistleblower violation in a private sector independent contractor relationship.   According to Ms. Parker, Staffing Plus and Ms. Clark allegedly "fired Plaintiff *because she reasonably reported child abuse to a child abuse hotline*."

(Second Am. Compl. ¶ 47 (emphasis supplied).)  However, a wrongful termination claim cannot be sustained by a purported whistleblower violation in the private sector.  *Brosso*, 879 F. Supp. at 477.  Accordingly, the Court should dismiss Ms. Parker's wrongful termination claim against Staffing Plus and Ms. Clark with prejudice.

### D.   Further Amendments Of Ms. Parker's Complaint Are Futile As To Staffing Plus And Ms. Clark.

Given that the defects in Ms. Parker's Second Amended Complaint appeared previously in Ms. Parker's original Complaint and First Amended Complaint, Staffing Plus and Ms. Clark respectfully request that the Second Amended Complaint be dismissed with prejudice on the grounds of futility, prejudice and undue delay.  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) ("Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility.").  On the issue of futility, Ms. Parker made one material change in her Second Amended Complaint in an attempt to keep Staffing Plus in this case.  Ms. Parker pulled Ms. Clark into the crossfire of this dispute by alleging that she was a key decision maker and co-conspirator regarding the Steel School. But Ms. Clark functioned only as a former recruiter for Staffing Plus, and Ms. Clark had no dealings with the School District at all regarding Ms. Parker.  Ms. Parker effectively conceded that point by alleging that Intercommunity Action—and not Staffing Plus or Ms. Clark— assigned her to the Steel School and managed her day-to-day duties.  Although this Court has been generous in providing Ms. Parker flexibility to amend her pleading, Ms. Parker is clearly grasping at straws to keep Staffing Plus in this case.  The Court should allow no additional amendments.

Staffing Plus has also been prejudiced by Ms. Parker's litigation tactics.  Ms. Parker initially named Ms. Clark as an alleged key witness on June 27, 2017 (*see* ECF No. 18) before

Staffing Plus filed its first motion to dismiss on July 18, 2017 (*see* ECF No. 22). Presumably, Ms. Parker could have alleged her conspiracy claim against Staffing Plus and Ms. Clark as of June 27, 2017, but she failed to do so. Instead, Ms. Parker waited until after Staffing Plus filed its first motion to dismiss to raise her purported Section 1983 conspiracy claim. Ms. Parker's delay has prejudiced Staffing Plus in that it was forced to file a second motion to dismiss (*i.e.* the instant Motion). Staffing Plus has incurred significant attorneys' fees and costs in defending this action and filing multiple dispositive motions. Ms. Clark also stands to be prejudiced as she must invest the necessary time and resources to defend against Ms. Parker's purported claims.[4] Accordingly, this Court should not permit Ms. Parker a further amendment of her claims as it will only function to prejudice Staffing Plus and Ms. Clark, as well as strain the judicial resources of this Court. Staffing Plus and Ms. Clark respectfully request that Counts I and II of the Second Amended Complaint be dismissed with prejudice.

**IV.    CONCLUSION.**

For all the reasons discussed above, Staffing Plus and Ms. Clark respectfully request the Court to grant its Motion to Dismiss pursuant to Rule 12(b)(6) and dismiss Parker's claims against Staffing Plus and Ms. Clark, as set forth in the Second Amended Complaint, with prejudice.

Respectfully submitted,

*/s/  Franz Español*
Marvin L. Weinberg, Esquire
Franz Español, Esquire
Fox Rothschild LLP
2000 Market Street, 20th Floor
Philadelphia, PA  19103-3222
(215) 299-1937
(215) 299-2150 (facsimile)

---

[4]    Ms. Clark is no longer employed by Staffing Plus. At the minimum, Ms. Clark will incur absences from work and lost income pertaining to Ms. Parker's purported claims.

mweinberg@foxrothschild.com
fespanol@foxrothschild.com
*Counsel for Defendants Staffing Plus Holdings, Inc.*
*and Alison Clark f/k/a Alison Johnson (incorrectly*
*stated as "Allison Johnstone")*

Dated:  August 17, 2018

## CERTIFICATE OF SERVICE

I, Franz Español, hereby certify that on this date true and correct copies of the foregoing

*Motion to Dismiss Second Amended Complaint by Defendants Staffing Plus Holdings, Inc. and*

*Alison Clark f/k/a Alison Johnson* and supporting Memorandum of Law were served via the

Court's electronic transmission facilities on the following counsel of record:

| | |
|---|---|
| Matthew B. Weisberg, Esquire | Gary Schafkopf, Esquire |
| L. Anthony Dijiacomo, III, Esquire | Hopkins Schafkopf, LLC |
| Weisberg Law PC | 11 Bala Avenue |
| 7 South Morton Avenue | Bala Cynwyd, PA  19004 |

*Counsel for Plaintiff*

Colin Stuart Haviland, Esquire
The School District of Philadelphia
Office of the General Counsel
440 N. Broad Street, Suite 313
Philadelphia, PA  19130
*Counsel for Defendants The School District of Philadelphia and Jamal B. Dennis*

Jacqueline K. Gallagher, Esquire
Obermayer Rebmann Maxwell & Hippel LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA  19102
*Counsel for Defendants Intercommunity, Action Inc., Ursala Wacyk, and Sharon Stark*

/s/  *Franz Español*
Franz Español, Esquire

Dated:  August 17, 2018